Filed 1/25/24  P. v. Armendariz CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID ARMENDARIZ,<br><br>    Defendant and Appellant. | B329819<br><br>(Los Angeles County Super. Ct. No. TA092537) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted defendant and appellant David Armendariz (defendant) and his codefendant Jonathan Juarez of first degree murder. The facts adduced at trial demonstrated Juarez was the shooter in the gang-related killing; defendant aided and abetted the murder.

The jury found a gang enhancement attached to the murder charge true and the trial court found defendant had suffered two prior Three Strikes law convictions and two prior convictions within the meaning of Penal Code section 667(a)(1).[1] The court sentenced defendant to a total of 85 years to life in prison. In 2010, this court affirmed defendant's conviction on direct appeal.

Years later, defendant petitioned for resentencing pursuant to section 1172.6 (former section 1170.95). After appointing counsel and receiving briefs from the People and defendant, the trial court held a hearing and denied the petition based on its finding that defendant did not present a prima facie case for relief. The court found the jury instructions given at defendant's trial revealed he was convicted of express malice, first degree murder.[2]

Defendant appealed, and this court appointed counsel to represent him. After examining the record, defendant's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216. We invited defendant to submit a supplemental brief.

---

[1]    Statutory references that follow are to the Penal Code.

[2]    The appellate record establishes the jury was not instructed on either felony murder or the natural and probable consequences doctrine.

Defendant submitted a two-page letter in response that (1) requests an evidentiary hearing because a set of car keys were never tested for DNA, (2) states his lawyer never gave him the option to choose whether he wanted a jury or bench trial, and (3) contends he is unable to pay victim restitution fees ordered as part of his sentence. We limit our consideration to these issues. (*Delgadillo*, 14 Cal.5th at 232 [where a defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the question of whether to conduct an independent review of the entire record is "wholly within the court's discretion"].)

None of the arguments raised in defendant's supplemental brief addresses his eligibility for resentencing under section 1172.6. DNA testing, the question of a jury or bench trial, and restitution fees have no bearing on whether defendant could "presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6(a)(3).) Defendant's arguments accordingly provide no basis for reversal. (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

3

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

MOOR, J.

4